# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TAMMY ANNETTE D., | * |
| | * |
| Plaintiff, | * |
| | *  Civil No. TMD 18-1098 |
| v. | * |
| | * |
| | * |
| ANDREW M. SAUL, | * |
| Commissioner of Social Security, | * |
| | * |
| Defendant.[1] | * |

************

## MEMORANDUM OPINION GRANTING PLAINTIFF'S
## ALTERNATIVE MOTION FOR REMAND

Plaintiff Tammy D. seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 12) and Defendant's Motion for Summary Judgment (ECF No. 15).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled. No hearing is necessary. L.R.

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. He is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 12) is **GRANTED**.

I

**Background**

Plaintiff filed an application for SSI on April 18, 2011, alleging disability beginning on July 15, 2009. R. at 754. The Commissioner denied Plaintiff's application initially and again on reconsideration, so Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R. at 754. ALJ Marc Mates held a hearing on April 22, 2014 (R. at 27-49, 754), where Plaintiff and a vocational expert testified, and issued an unfavorable decision on June 5, 2014 (R. at 754, 815-31). On August 13, 2015, the Appeals Council denied Plaintiff's request for review. R. at 754, 832-35. Plaintiff sought judicial review in this Court (R. at 836-47), which reversed the unfavorable decision and remanded the case on December 21, 2016 (R. at 848-57). The Appeals Council vacated the ALJ's decision and remanded the case on March 10, 2017. R. at 859.

On October 13, 2017, ALJ Jack Penca held a supplemental hearing where Plaintiff and another VE testified. R. at 770-814. On December 20, 2017, ALJ Penca issued a decision finding Plaintiff not disabled since the application date of April 18, 2011. R. at 751-69. On February 21, 2018, Plaintiff filed exceptions to the decision with the Appeals Council (R. at 749-50), which she withdrew on April 19, 2018 (R. at 742). Because the Appeals Council did not assume jurisdiction of the case, the ALJ's decision because the Commissioner's final decision after remand. *See* 20 C.F.R. § 416.1484(d).

On April 16, 2018, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States

Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

## II

## Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[3]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R.

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

§§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

# III

## Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

### Discussion

Plaintiff contends that the ALJ erred at step two of the sequential evaluation process by failing to find some of her impairments to be severe. Pl.'s Mem. Supp. Mot. Summ. J. 11-14, ECF No. 12-1. She also maintains that the ALJ erred in assessing whether her degenerative disc disease met Listing 1.04 at step three of the sequential evaluation process. *Id.* Plaintiff then argues that the ALJ erred in evaluating her RFC and subjective complaints. *Id.* at 14-21. She finally asserts that the ALJ improperly evaluated medical opinions in the record. *Id.* at 21-22. For the reasons discussed below, the Court remands this case for further proceedings.

**A.      ALJ's Step-Two Determination of Plaintiff's Severe Impairments**

Plaintiff contends that the ALJ failed to find as severe impairments her bilateral knee arthritis, degenerative joint disease, left ankle instability, right hip osteoarthritis, asthma, allergic rhinitis/sinusitis, and generalized anxiety disorder. *Id.* at 11. She, however,

> misunderstands the purpose of step two in the analysis. Step two is merely a threshold determination meant to screen out weak claims. It is not meant to identify the impairments that should be taken into account when determining the RFC. In fact, "[i]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" The RFC therefore *should* be exactly the same regardless of whether certain impairments are considered "severe" or not.

*Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017) (alteration in original) (citations omitted). "Moreover, step two was decided in [Plaintiff's] favor . . . . [She] could not possibly have been prejudiced. Any alleged error is therefore harmless and cannot be the basis for a remand." *Id.* at 1049 (citing *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)); *accord Smith v. Colvin*, 821 F.3d 1264, 1266-67 (10th Cir. 2016); *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014) (per curiam). Plaintiff's contention that the ALJ

erred at step two by failing to determine that her other impairments were severe thus is without merit.

**B.      ALJ's Step-Three Determination Regarding Listing 1.04**

Plaintiff also maintains that the ALJ erred in assessing whether her degenerative disc disease met or medically equaled Listing 1.04 at step three of the sequential evaluation process. Pl.'s Mem. Supp. Mot. Summ. J. 11-14, ECF No. 12-1. The ALJ found that Plaintiff's

> degenerative disc disease does not meet listing 1.04 because the record does not demonstrate compromise of a nerve root (including the cauda equina) or the spinal cord with additional findings of: A) evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising; or B) spinal arachnoiditis; or C) lumbar spinal stenosis resulting in pseudoclaudication.

R. at 758.

"The Social Security Administration has promulgated regulations containing 'listings of physical and mental impairments which, if met, are conclusive on the issue of disability.' A claimant is entitled to a conclusive presumption that he is impaired if he can show that his condition 'meets or equals the listed impairments.'" *Radford*, 734 F.3d at 291 (citation omitted); *see* 20 C.F.R. pt. 404, subpt. P, app. 1. "In order for a claimant to show that an impairment meets or equals a listed impairment in Step 3, she must demonstrate that her impairment meets all the specified criteria in the relevant listing." *Jones v. Berryhill*, 681 F. App'x 252, 254-55 (4th Cir. 2017) (per curiam) (citing *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)). "However, the claimant need not show that all the listed symptoms were present simultaneously." *Id.* at 255 (citing *Radford*, 734 F.3d at 293-94). "Instead, a claimant must show only that each of the listed symptoms [is] documented in the record, and that the impairment is expected to last continuously for at least 12 months." *Id.* (citing *Radford*, 734 F.3d at 294).

Here, because Plaintiff fails to show that each of the listed symptoms in Listing 1.04 is documented in the record, she fails to show how her impairment meets or equals Listing 1.04A, 1.04B, or 1.04C. *See Jones*, 681 F. App'x at 255 ("And, notably, [the claimant] has not identified any evidence in the record that would support such a finding of motor loss" under Listing 1.04A). Moreover, although Plaintiff argues at length regarding her inability to ambulate effectively for purposes of Listing 1.04C (Pl.'s Mem. Supp. Mot. Summ. J. 12 n.2, ECF No. 12-1), "[a]n 'inability to ambulate effectively' is defined in the regulation as generally requiring two-handed assistance with walking, such as with a two-handed walker, two crutches, or two canes." *Id.* (citing 20 C.F.R. pt. 404, subpt. P, app. 1 § 1.00B(2)(b)(1), (2)). Although Plaintiff asserts that the record shows evidence of her "regular limp and use of a cane/walking stick" (Pl.'s Mem. Supp. Mot. Summ. J. 12, ECF No. 12-1), use of a single cane does not qualify as "inability to ambulate effectively." *Id.* For all these reasons, Plaintiff's argument regarding the ALJ's step-three finding is unavailing.

## C. ALJ's RFC Assessment

Plaintiff next argues that the ALJ erred in evaluating her RFC, her subjective complaints, and opinion evidence in the record. Pl.'s Mem. Supp. Mot. Summ. J. 14-22, ECF No. 12-1. Social Security Ruling[4] 96-8p, 1996 WL 374184 (July 2, 1996), explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function

---

[4] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

Plaintiff contends that the ALJ "committed reversible error by failing to give proper weight to the opinions of" William Barrish, M.D., the consultative examiner, and Imran Moinuddin, M.D., Plaintiff's treating physician (R. at 510-15, 719-24, 760). Pl.'s Mem. Supp.

Mot. Summ. J. 21, ECF No. 12-1. When evaluating medical opinions, the ALJ should consider "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Johnson*, 434 F.3d at 654; *see* 20 C.F.R. §§ 404.1527, 416.927. "An ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,'" *Dunn v. Colvin*, 607 F. App'x 264, 267 (4th Cir. 2015) (quoting *Scivally v. Sullivan*, 966 F.2d 1070, 1077 (7th Cir. 1992)), "or has failed to give a sufficient reason for the weight afforded a particular opinion," *id.* (citing 20 C.F.R. § 404.1527(d) (1998)); *see* 20 C.F.R. §§ 404.1527(c), 416.927(c).

"In general, an ALJ should accord 'more weight to medical opinions from [a claimant's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s).'" *Woods v. Berryhill*, 888 F.3d 686, 695 (4th Cir. 2018) (alterations in original) (quoting 20 C.F.R. § 404.1527(c)(2)). A treating source's opinion on issues of the nature and severity of the impairments will be given controlling weight when well supported by medically acceptable clinical and laboratory diagnostic techniques and when the opinion is consistent with the other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see Lewis v. Berryhill*, 858 F.3d 858, 867 (4th Cir. 2017). Conversely, however, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig*, 76 F.3d at 590. In other words, "a treating physician's opinion is to be accorded comparatively less weight if it is based on the physician's limited knowledge of the applicant's condition or conflicts with the weight of the evidence."

*Meyer v. Colvin*, 754 F.3d 251, 256 (4th Cir. 2014) (citing *Craig*, 76 F.3d at 590; 20 C.F.R. § 404.1527(c)). An ALJ may reject a treating physician's opinion in its entirety and afford it no weight if the ALJ gives specific and legitimate reasons for doing so. *See Bishop v. Comm'r of Soc. Sec.*, 583 F. App'x 65, 67 (4th Cir. 2014) (per curiam) (citing *Holohan v. Massanari*, 246 F.3d 1195, 1202 n.2 (9th Cir. 2001); *Craig*, 76 F.3d at 589-90).

A medical expert's opinion as to whether one is disabled is not dispositive; opinions as to disability are reserved for the ALJ and for the ALJ alone. *See* 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1). Generally, the more the medical source presents relevant evidence to support his opinion, and the better that he explains it, the more weight his opinion is given. *See id.* §§ 404.1527(c)(3), 416.927(c)(3). Additionally, the more consistent the opinion is with the record as a whole, the more weight the ALJ will give to it. *See id.* §§ 404.1527(c)(4), 416.927(c)(4); *see also Dunn*, 607 F. App'x at 268.

Because the opinions of Drs. Barrish and Moinuddin contradicted their examination findings and treatment notes (R. at 760), substantial evidence supports the "little weight" given by the ALJ to their opinions. *See Sharp v. Colvin*, 660 F. App'x 251, 257 (4th Cir. 2016) (treating physician's treatment notes that were inconsistent with his contrary opinion constituted substantial evidence to support ALJ's decision not to give controlling weight to physician's opinion); *Dunn*, 607 F. App'x at 270-71 (determining that substantial evidence supported ALJ's decision to give limited weight to opinions of claimant's treating psychiatric sources because their opinions were inconsistent with their treatment notes); *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (concluding that ALJ properly discounted treating physician's opinion as conclusory because it consisted of three checklist forms, cited no medical evidence, and provided little to no elaboration); *Burch v. Apfel*, 9 F. App'x 255, 259 (4th Cir. 2001) (per curiam) (finding

12

that ALJ did not err in giving physician's opinion little weight where physician's opinion was not consistent with her own progress notes).

The Court remands this case, however, because, despite giving "great weight" to the opinions of the state agency medical consultants (R. at 60-68, 70-79, 760), the ALJ failed to build an "accurate and logical bridge" from the evidence to his conclusion about Plaintiff's RFC to perform light work. As discussed above, an ALJ may

> credit the opinion of a non-treating, non-examining source where that opinion has sufficient indicia of "supportability in the form of a high-quality explanation for the opinion and a significant amount of substantiating evidence, particularly medical signs and laboratory findings; consistency between the opinion and the record as a whole; and specialization in the subject matter of the opinion."

*Woods*, 888 F.3d at 695 (quoting *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 268 (4th Cir. 2017)). Here, the ALJ found that the state agency consultants' opinions were "consistent with the objective medical and physical examination findings as a whole." R. at 760. The ALJ did not, however, explain his conclusion that, on the basis of the evidence in the record, Plaintiff could actually perform the tasks required by light work, such as lifting no more than 20 pounds at a time, frequently lifting or carrying up to 10 pounds, or standing or walking for six hours in an eight-hour workday. *See* SSR 83-10, 1983 WL 31251, at *5-6 (Jan. 1, 1983); *see also Woods*, 888 F.3d at 694; *Monroe*, 826 F.3d at 190-91 (finding ALJ's analysis that opinions were "supported by the objective evidence" or "consistent with the objective evidence and other opinions of record" or "supported by the objective evidence and the claimant's subjective complaints" precluded meaningful review because analysis was conclusory and incomplete). The state agency consultants concluded that Plaintiff could lift up to twenty pounds, but "failed to explain how [they] arrived at that specific number. The same is true of [their] conclusion that [Plaintiff] can sit or stand for six hours in an eight-hour workday." *Woods*, 888 F.3d at 695. The

13

ALJ "must *both* identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Id.* at 694 (alteration in original) (quoting *Monroe*, 826 F.3d at 189). An ALJ's failure to do so constitutes reversible error. *Lewis*, 858 F.3d at 868. Because "meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion," the Court remands this case for further explanation as to Plaintiff's RFC. *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (citing *Woods*, 888 F.3d at 694). The Court thus need not address Plaintiff's remaining arguments, but when evaluating on remand Plaintiff's subjective complaints, the ALJ should consider the type of activities she can perform, the extent to which she can perform them, and how her activities show that she can persist through an eight-hour workday. *See Woods*, 888 F.3d at 694-95; *Brown*, 873 F.3d at 263.

V

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 15) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 12) is **DENIED**. Plaintiff's alternative motion for remand (ECF No. 12) is **GRANTED**. Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g). This matter is **REMANDED** for further proceedings consistent with this opinion. A separate order will issue.

Date: September 26, 2019                    /s/
                                            Thomas M. DiGirolamo
                                            United States Magistrate Judge